# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR YASIN,<br><br>        Plaintiff,<br><br>vs.<br><br>CAPTAIN D. FLYNN, *et al.*,<br><br>        Defendants. | Case No. 17-cv-01057-BAS-JLB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE** |

Plaintiff Omar Yasin, while detained at the San Diego County Sheriff's Department's George Bailey Detention Facility ("GBDF") and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) Plaintiff's Complaint is brief: he alleges Defendants are confining him and other San Diego County Jail and GBDF inmates in 3-man, 5x7 cells that are "inhumane." (*Id.* at 2-3.) He seeks $33,000,000 in damages. (*Id.* at 3.)

**I. Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis

1 ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016), and regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an *affidavit* that includes a statement of all assets possessed and which demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners like Plaintiff must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). It is from the certified trust account statement that the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff did not pay the filing fee required to commence a civil action, nor has he filed a motion to proceed IFP that includes *both* the affidavit required by 28 U.S.C. § 1915(a)(1) *and* the certified copies of his trust fund account statements required by 28 U.S.C. § 1915(a)(2). Although he has submitted a GBDF "prison certificate" (ECF No. 2), this certificate, by itself, is insufficient to comply with § 1915's additional requirements. Therefore, Plaintiff's case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Cervantes*, 493 F.3d at 1051.

## II. Screening Required by 28 U.S.C. § 1915(e)(2) and § 1915A

In addition, the Court cautions Plaintiff that if he chooses to proceed further by either pre-paying the full $400 civil filing fee, or submitting a properly supported motion to proceed IFP, his Complaint will be screened before service upon any defendant and may be immediately dismissed pursuant to 28 U.S.C. § 1915A(b) or 28 U.S.C. § 1915(e)(2)(B). This screening will occur regardless of whether Plaintiff pays the full filing fee up front or is granted leave to proceed IFP and to pay it in monthly installments.[1] *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity").

The Court further cautions Plaintiff that if his Complaint is found to be frivolous or malicious, or if it fails to state a claim, its dismissal pursuant to 28 U.S.C. § 1915(e)(2) and/or § 1915A(b) may later count as a third "strike" against him pursuant to 28 U.S.C. § 1915(g). *See Andrews*, 398 F.3d at 1116 n.1 ("Strikes are prior cases or appeals, brought

---

[1] The Court notes that as currently pled, Plaintiff's Complaint will be subject to sua sponte dismissal regardless of whether he pays the full civil filing fee, or submits a properly supported motion to proceed IFP and pays it in installments. This is because allegations of overcrowding alone are insufficient to state a plausible claim for relief. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989); *see also Rhodes v. Chapman*, 452 U.S. 337, 348-49 (1981) (noting double-celling of inmates by itself does not inflict unnecessary or wanton pain or constitute grossly disproportionate punishment in violation of the Eighth Amendment). An overcrowding claim is cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally-required services, or has reached a level rendering the institution no longer fit for human habitation. *See Balla*, 869 F.2d at 471; *Hoptowit v. Ray*, 682 F.2d 1237, 1248–49 (9th Cir. 1982) (noting that overcrowding itself is not an Eighth Amendment violation but can lead to specific effects that might violate the Constitution).

while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." (internal quotations omitted)). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP" unless the prisoner is in "imminent danger of serious physical injury" at the time the complaint is filed. *Id.*; *see also* 28 U.S.C. § 1915(g); *Williams*, 775 F.3d at 1188 (citing *Cervantes*, 493 F.3d at 1053).

### III. Conclusion and Order

For the reason explained above, the Court:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $400 civil filing and administrative fee or to submit a motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open this case by: (a) prepaying the entire $400 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in full; or (b) completing and filing a motion to proceed IFP that includes *both* the affidavit and the certified copies of his trust account statement for the 6-month period preceding the filing of his Complaint required by 28 U.S.C. § 1915(a)(1), (2) and Civil Local Rule 3.2(b).[2]

**IT IS SO ORDERED.**

**DATED: August 1, 2017**

Hon. Cynthia Bashant
United States District Judge

---

[2] If Plaintiff fails to either prepay the $400 civil filing fee or file a properly supported Motion and Declaration in Support of his motion to proceed IFP, together with the trust account statements required by 28 U.S.C. § 1915(a)(2) within 45 days, this case will remain dismissed without prejudice based only on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements, and will *not* be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g).