**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OMAR YASIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAPTAIN D. FLYNN, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 17-cv-01057-BAS-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 4)**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Omar Yasin ("Plaintiff"), while he was detained at the San Diego Sheriff's Department George Bailey Detention Facility ("GBDF"), and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff claims two San Diego County Sheriff's Department Captains, one at GBDF, and another at the San Diego Central Jail ("SDCJ"), violated his Eighth Amendment rights

by confining him in a five-foot by seven-foot cell with two other inmates on May 15, 2016.[1] (ECF No. 1 at 1-2.)

On August 1, 2017, the Court dismissed the action because Plaintiff failed to pay the filing fees required to commence a civil action by 28 U.S.C. § 1914(a) (ECF No. 3), but granted him forty-five days leave in which to pay those fees or file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*Id.* at 4.)

He has since filed a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 4), together with a supplemental affidavit attesting as to his trust account activity and balances as required by 28 U.S.C. § 1915(a)(2) (ECF No. 8).

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d

---

[1] Plaintiff has since been transferred from County custody to the Otay Mesa Detention Center ("OMDC"), which is operated by CoreCivic, formerly known as the Corrections Corporation of America or CCA. CoreCivic is a private company that operates prison and detention facilities, under contract with state and federal government agencies. *See* http://www.cca.com/insidecca/corrections-corporation-of-America-rebrands-as-corecivic (last visited Oct. 24, 2017).

[2] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $50.00. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (b)(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of twenty percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at twenty percent of the preceding month's income, in any month in which his account exceeds ten dollars, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted two prison certificates certified authorized OMDC officials. (ECF No. 4 at 5; ECF No. 8 at 4); *see also* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. R. 3.2; *Andrews*, 398 F.3d at 1119. These certificates attest that Plaintiff carried an average monthly balance of $29.67, had average monthly deposits of $30.00 to his account over the six-month period immediately preceding the filing of his Motion, and had an available balance of $56.34 on the books at the time of filing. (ECF No. 4 at 5; ECF No. 8 at 4.) Thus, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 4) and assesses his initial partial filing fee to be $6.00 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Warden of OMDC, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial

filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350.00 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

**II.    Screening of Plaintiff's Complaint**

    **A.    Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

//

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Factual Allegations

Plaintiff claims that upon his arrival at the SDCJ on or about May 15, 2016, he was housed in a five-foot by nine-foot cell with two other inmates. (*See* ECF No. 1 at 1.) He filed a grievance, but was told: "That's how these cells are." (*Id.* at 2.) Plaintiff claims he remained confined to his bed because there was "no[t] enough space to move around," and because his cellmates were either playing cards or working out. (*Id.*) Plaintiff complained to "numerous officials," and asked Captain Flynn to "develop and implement a plan designed to properly house [them]." (*Id.*) Flynn allegedly replied: "Don't come to jail." (*Id.*)

On an unspecified date, Plaintiff was transferred to GBDF where he was assigned to a five-foot by seven-foot cell, again with two cellmates. (ECF No. 1 at 2.) Plaintiff continued to complain to Captain Duke, who rejected his grievances. (*Id.* at 2, 7.)

Plaintiff seeks $33 million in damages against Defendants for exposing him and a list of his fellow inmates[3] to "inhumane living conditions" in violation of the Eighth Amendment. (*Id.* at 2-4.)

---

[3] Because Plaintiff is proceeding pro se he may not represent anyone other than himself. *See Simon v. Hartford Life & Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[T]he general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.").

### C. Overcrowding

First, while Plaintiff invokes the Eighth Amendment's prohibition on cruel and unusual punishments (*see* ECF No. 1 at 2), it is unclear whether he was convicted at the time he was held at the SCDJ and GBDF.

"Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016), *cert. denied sub nom. Los Angeles Cty., Cal. v. Castro*, 137 S. Ct. 831 (2017) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (holding that, under the Due Process Clause, a detainee may not be punished prior to conviction)). But under either Amendment, Plaintiff must allege facts sufficient to show that Defendants acted with "deliberate indifference" in order to state a plausible claim for relief. *Id.* at 1068; *Iqbal*, 556 U.S. at 678; *Hatter v. Dyer*, 154 F. Supp. 3d 940, 944-54 (E.D. Cal. 2015) (applying *Castro's* deliberate indifference standard to pretrial detainee's over-crowding and general conditions of confinement claims).

Here, Plaintiff alleges Defendants Flynn and Duke violated his Eighth Amendment rights by exposing him to "inhumane living conditions," specifically by requiring him to share his cells with two other detainees, and failing to respond to his complaints. (ECF No. 1 at 2-3.) It is well settled that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). This "deliberate indifference" standard requires more than "gross negligence" or even "recklessness." *Farmer*, 511 U.S. at 836, 836 n.4; *Hatter*, 154 F. Supp. 3d at 944.

First, Plaintiff has failed to allege facts sufficient to plausibly suggest that either the SDCJ or GBDF's three-man cells posed any "excessive risk to [his] health or safety."

*Farmer*, 511 U.S. at 837; *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (1989) (finding overcrowding allegations, "standing alone," "ha[d] no constitutional significance."); *Rhodes v. Chapman*, 452 U.S. 337, 348-49 (1981) (finding double-celling of inmates by itself does not inflict unnecessary or wanton pain or constitute grossly disproportionate punishment in violation of Eighth Amendment). An overcrowding claim is cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation. *See Balla*, 869 F.2d at 471; *Hoptowit v. Ray*, 682 F.2d 1237, 1248–49 (9th Cir.1982) (noting that overcrowding itself is not an Eighth Amendment violation, but that it can lead to specific effects that might violate the Constitution).

Second, Plaintiff fails to allege facts sufficient to show that either Defendants Flynn or Duke acted with "deliberate indifference" to any substantial risk of serious harm. *Castro*, 833 F.3d at 1068 (citing *Farmer*, 511 U.S. at 837). Plaintiff alleges only that he "spoke to" Flynn and Duke and that he filed grievances related to his cell conditions. (ECF No. 1). The mere fact that neither responded to Plaintiff's complaints to his satisfaction, does not, without more, rise to the level of deliberate indifference. Critically, Plaintiff does not further allege that either Defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," nor does he allege that either actually "dr[e]w th[at] inference." *Hatter*, 154 F. Supp. 3d at 944 (finding "inadvertent failure[s]" and "mere inaction" insufficient to show deliberate indifference to overcrowding).

Therefore, the Court finds Plaintiff's Complaint must be dismissed *sua sponte* for failing to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

//
//
//

### III. Conclusion

Accordingly, the Court:

(1) **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 4);

(2) **ORDERS** the Warden of the OMDC, or his designee, to collect from Plaintiff's trust account the $6.00 initial filing fee assessed, if those funds are available at the time this Order is executed, and forward whatever balance remains of the full $350.00 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00 pursuant to 28 U.S.C. § 1915(b)(2) (***all payments must be clearly identified by the name and number assigned to this action***);

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Fred Figueroa, Warden, Otay Mesa Detention Center, P.O. Box 438150, San Diego, California 92143-8150;

(4) **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

(5) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading described in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012)

(noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to amend within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

**DATED: November 16, 2017**

Hon. Cynthia Bashant
United States District Judge